IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| VINCENT MICKENS, et al., | ◊ |
| Plaintiffs, | ◊ |
| vs. | ◊  No. 08-2015-JDB/dkv |
| CARGILL, INC., et al., | ◊ |
| Defendant. | ◊ |

ORDER SEVERING CASES
AND
ORDER DIRECTING PLAINTIFF MICKENS TO AMEND COMPLAINT

On January 14, 2008, Plaintiffs Vincent Mickens, Francois Johnson, Cornell Trotter, Avery Doss, Patricia Coburn, Terry Lewis, Keith Howard, Connie Seay, and Tomeka Winston, residents of Memphis, Tennessee, filed a joint pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981 and paid the civil filing fee. The Clerk shall record the defendants as Cargill, Inc., Martin Crowder, Tim Campbell, Joe Sparks, and Amanda Jordan. The Clerk shall not issue any process until further order of the Court.

The first issue to be considered is whether Plaintiffs should be permitted to litigate their claims in a single lawsuit. Rule 20(a) of the Federal Rules of Civil Procedure permits joinder where each plaintiff's claim presents a common question of law or fact. Each of these Plaintiffs filed a separate charge of discrimination

based upon race and retaliation and received separate notices of right to sue. Two Plaintiffs filed additional charges of discrimination based upon sex.

All Plaintiffs allege they have been discriminated against by Defendants, however, the acts of discrimination were disparate acts or occurrences requiring each plaintiff to individually exhaust his or her administrative remedies. The claims are fundamentally connected, then, by the mere coincidence of having occurred in the same workplace and by the obvious desire of Plaintiffs to split a filing fee. It appears that the claims are not sufficiently related to "the same transaction, occurrence, or series of transactions" to warrant joinder.

It is administratively prohibitive for this court to permit nine plaintiffs to litigate their claims in a single action. Pursuant to Fed. R. Civ. P. 11(a), each pleading and motion must be signed by each plaintiff. The logistical coordination required to obtain individual signatures on future submissions is prohibitive. Because Plaintiffs have different claims of discrimination, different pleadings will pertain to different Plaintiff's claims and will not be equally applicable to all.

Because consolidation of Plaintiffs' claims in a single action is not in the interest of justice and is administratively unreasonable, the Court ORDERS that the claims of each of the plaintiffs be severed. The only plaintiff in this action is Vincent Mickens. The Clerk is directed to open new cases for Plaintiffs Johnson, Trotter, Doss, Coburn, Lewis, Howard, Seay, and Winston. A copy of the complaint and of this order shall be filed in all of

2

the lawsuits.  Because Plaintiff Mickens submitted the filing fee in this case, all other Plaintiffs are directed to immediately pay the $350 filing fee or file an application to proceed in forma pauperis in their individual cases upon receipt of their new docket numbers.

The remainder of this order is applicable only to Mickens and Case No. 08-2015-JDB/dkv.  Although Mickens alleges that he filed a charge of discrimination with the EEOC, he has not attached any exhibits, including the charge of discrimination and notice of right to sue, to his complaint.  Because the allegations of this jointly filed complaint are conclusory, Plaintiff's contentions do not describe with specificity his particular claims and the adverse employment action taken against him.  Mickens is hereby ORDERED to amend his complaint within twenty (20) days of the entry of this order to demonstrate that he has exhausted his administrative remedies.  Plaintiff must attach a copy of his charge[s] of discrimination and notice[s] of right to sue as exhibits to his amended complaint.  He must also amend his complaint to allege his specific claims and each adverse action taken against him.  Each claim for relief shall be stated in a separate count that (i) sets forth the factual basis for the claim; and (ii) identifies the statute under which the claim arises.  The amendment must be typed or hand-printed and Plaintiff must personally sign the amendment.

A failure to timely comply with any requirement of this order will result in the dismissal of the complaint in its entirety. Plaintiff must also keep this Court informed of his current address. If Plaintiff fails to inform the Court of a change of address, he

will not be excused for failing to comply with the Court's orders and deadlines because an order was delayed or not delivered.

IT IS SO ORDERED this 29th day of January, 2008.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE