IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| VINCENT MICKENS, | ◊ | |
| Plaintiff, | ◊ | |
| vs. | ◊ | No. 08-2015-JDB/dkv |
| CARGILL, INC., et al., | ◊ | |
| Defendant. | ◊ | |

ORDER DENYING MOTION FOR RECONSIDERATION
(DOCKET ENTRY #4)
ORDER STRIKING AMENDED COMPLAINTS (DOCKET ENTRIES 5 AND 6)
AND
SECOND ORDER DIRECTING PLAINTIFF MICKENS TO AMEND COMPLAINT

On January 29, 2008, this Court entered an order severing the claims of Plaintiff Vincent Mickens from those of Francois Johnson, Cornell Trotter, Avery Doss, Patricia Coburn, Terry Lewis, Keith Howard, Connie Seay, and Tomeka Winston. The Court directed Mickens to file an amended complaint.

On February 14, 2008, Plaintiff filed a motion requesting that the Court reconsider its decision to sever the cases. The motion is DENIED.

Also on February 14, 2008, Plaintiff filed an amended complaint which does not comply with the Federal Rules of Civil Procedure, the Local Rules of Court, or the Court's January 29, 2008. The amended complaint filed on February 14, 2008, did not contain numbered paragraphs and cross-referenced the original complaint which

contained claims of the eight plaintiff's severed from this case. Such a filing will make it practically impossible for Defendants to file a coherent answer in numbered paragraphs. The amended complaint filed on February 14, 2008, is hereby STRICKEN from the record.

The amended complaint filed on February 29, 2008, contains supplemental claims brought on behalf of six other plaintiffs. The Court's order gave express direction to Plaintiff Mickens that the amended complaint was to describe with specificity his particular claims and the adverse employment action taken against him. The amended complaint filed on February 29, 2008, is hereby STRICKEN from the record.

Mickens is again directed to amend his complaint within ten (10) days of the entry of this order. He is not permitted to cross reference the original joint complaint. The original complaint was conclusory and contained claims that have now been severed. Plaintiff must file a document which contains numbered paragraphs and complete sentences describing with specificity his particular claims and each adverse employment action taken against him. He must include dates of all adverse employment actions. Mickens must describe each adverse action taken by each defendant. He is directed to attach all supporting documents as exhibits, including the charge of discrimination and notice of right to sue, to his amended complaint.[1] Each claim for relief shall be stated in a separate count that (i) sets forth the factual basis for the claim; and (ii)

---

[1] Although Plaintiff attached exhibits to the amended complaint filed on February 14, 2008, that complaint has now been stricken from the record due to Plaintiff's failure to comply with the Rules and the Court's order to amend.

identifies the statute under which the claim arises. The amendment must be typed or hand-printed and Plaintiff must personally sign the amendment.

A failure to timely comply with any requirement of this order will result in the dismissal of the complaint in its entirety. Plaintiff must also keep this Court informed of his current address. If Plaintiff fails to inform the Court of a change of address, he will not be excused for failing to comply with the Court's orders and deadlines because an order was delayed or not delivered.

IT IS SO ORDERED this 21st day of April, 2008.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE