IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

VINCENT MICKENS,

    Plaintiff,

vs.                              No. 08-2015-JDB/dkv

CARGILL, INC., et al.,

    Defendant.

ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

Plaintiff, Vincent Mickens, has filed an amended complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981 against his employer Cargill, Inc., Supervisors Martin Crowder and Tim Adams, Operations Manager Tim Campbell, and FSG Manager Joe Sparks alleging that Defendants discriminated against him on the basis of his race and retaliated against him for filing a complaint with the Tennessee Occupational Safety and Health Administration.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

    (I)      is frivolous or malicious;
    (ii)     fails to state a claim on which relief may be granted; or
    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Certain aspects of Plaintiff's complaint are subject to dismissal.

Mickens cannot sue Supervisors Martin Crowder and Tim Adams, Operations Manager Tim Campbell, and FSG Manager Joe Sparks under Title VII because there is no personal liability under the employment discrimination statutes against a supervisor who does not otherwise qualify as an "employer." Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997). Because the complaint does not state a viable Title VII claim against Defendants Martin Crowder, Tim Adams, Tim Campbell and Joe Sparks, the Court DISMISSES the discrimination claims against them, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(I) & (ii), as frivolous and for failure to state a claim on which relief can be granted.

Within thirty (30) days of the date of entry of this order, Mickens shall personally appear at the Clerk's office and, upon presentation of a copy of this order, the Clerk shall provide Plaintiff one (1) blank, unsigned summons for service on Defendant Cargill, Inc. Pursuant to Fed. R. Civ. P. 4(b), Plaintiff is responsible for properly filling out the summons and presenting it to the Clerk for signature and seal. If the summons is in proper form, the Clerk shall sign, seal, and issue it to Plaintiff for service on Defendant.

Mickens is responsible for ensuring that service is effected on Defendant pursuant to Rule 4(h)(1) of the Federal Rules of Civil

Procedure.[1] The service on Defendant shall include a copy of the amended complaint, this order, and of the administrative charge of discrimination and right to sue letter. Plaintiff shall file proof of service pursuant to Fed. R. Civ. P. 4(*l*).

It is further ORDERED that Mickens shall serve a copy of every document filed in this cause on the attorneys for Defendant or on Defendant if it has no attorney. He shall make a certificate of service on every document filed and shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

Plaintiff is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.

IT IS SO ORDERED this 16th day of May, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."