IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| VINCENT MICKENS, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 08-2015-STA-dkv |
| | ◊ | |
| CARGILL, INC., | ◊ | |
| | ◊ | |
| Defendant. | ◊ | |
| | ◊ | |

ORDER PARTIALLY GRANTING AND PARTIALLY DENYING
DEFENDANT CARGILL, INC.'S MOTION TO DISMISS
(DOCKET ENTRY 14)

On January 14, 2008, Plaintiff and eight other individuals filed a joint pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1981. (Docket Entry ("D.E.") 1). The Court issued an order on January 29, 2008 that, inter alia, severed the actions and directed the Clerk to open a new civil action for each plaintiff. (D.E. 3 at 2.) Plaintiff filed a "Supplemental Civil Complaint" on March 17, 2008. (D.E. 4.)

On January 29, 2008, United States District Judge J. Daniel Breen directed Plaintiff to amend his complaint as follows:

> Although Plaintiff Mickens alleges that he filed a charge of discrimination with the EEOC, he has not attached any exhibits, including the charge of discrimination and notice of right to sue, to his complaint. Because the allegations of this jointly filed complaint are conclusory, Plaintiff's allegations do not describe with specificity his particular claims and the adverse employment action taken against him. Plaintiff is hereby ORDERED to amend his complaint within twenty (20) days of the entry of this order to demonstrate

> that he has exhausted his administrative remedies.
> Plaintiff must attach a copy of his charge[s] of
> discrimination and notice[s] of right to sue as exhibits
> to his amended complaint. Plaintiff must also amend his
> complaint to allege his specific claims and each adverse
> action taken against him. Each claim for relief shall be
> stated in a separate count that (i) sets forth the factual
> basis for the claim; and (ii) identifies the statute under
> which the claim arises. The amendment must be typed or
> hand-printed and Plaintiff must personally sign the
> amendment.
>
> A failure to timely comply with any requirement of this
> order will result in the dismissal of the complaint in its
> entirety. Plaintiff must also keep this Court informed of
> his current address. If Plaintiff fails to inform the
> Court of a change of address, he will not be excused for
> failing to comply with the Court's orders and deadlines
> because an order was delayed or not delivered.

(D.E. 3 at 3-4.) On February 14, 2008, Plaintiff filed a motion requesting that the Court reconsider its decision to sever the cases. (D.E. 4.) The motion was denied on April 21, 2008. (D.E. 7.)

Also on February 14, 2009, Plaintiff filed an amended complaint which did not comply with the Federal Rules of Civil Procedure, the Local Rules of Court, or the Court's January 29, 2008. The amended complaint filed on February 14, 2008, did not contain numbered paragraph and cross referenced the original complaint which contained claims of the eight plaintiff's severed from this case. On February 29, 2008, another amended complaint was filed which contained supplemental claims brought on behalf of six other plaintiffs. (D.E. 6.) The amended complaints filed on February 14, 2008 and February 29, 2008, were stricken from the record by the Court on April 21, 2008. (D.E. 7.)

Plaintiff Mickens was again instructed in the Court's order entered April 21, 2008, to amend his complaint as follows:

2

> Plaintiff Mickens is again directed to amend his complaint
> within ten (10) days of the entry of this order. He is not
> permitted to cross reference the original joint complaint.
> The original complaint was conclusory and contained claims
> that have now been severed. Plaintiff must file a document
> which contains numbered paragraphs and complete sentences
> describing with specificity his particular claims and each
> adverse employment action taken against him. He must
> include dates of all adverse employment actions. Mickens
> must describe each adverse action taken by each defendant.
> He is directed to attach all supporting documents as
> exhibits, including the charge of discrimination and notice
> of right to sue, to his amended complaint. Each claim for
> relief shall be stated in a separate count that (i) sets
> forth the factual basis for the claim; and (ii) identifies
> the statute under which the claim arises. The amendment
> must be typed or hand-printed and Plaintiff must personally
> sign the amendment.
>
> A failure to timely comply with any requirement of this
> order will result in the dismissal of the complaint in its
> entirety. Plaintiff must also keep this Court informed of
> his current address. If Plaintiff fails to inform the
> Court of a change of address, he will not be excused for
> failing to comply with the Court's orders and deadlines
> because an order was delayed or not delivered.

(D.E. 3 at 3-4.)

On April 25, 2008, Plaintiff filed an amended complaint and attached a charge and a notice of right to sue for a claim of race discrimination. (D.E. 9.) On May 16, 2008, the Court entered an order dismissing Defendants Martin Crowder, Tim Adams, Tim Campbell, and Joe Sparks and to issue process for Cargill on Plaintiff's Title VII claims. (D.E. 7.) On May 21, 2008, the case was reassigned to the undersigned judge.

The Court construes Plaintiff's amended complaint to contain a claim of race discrimination and a claim of retaliation. On June 17, 2008, Cargill filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. 14.) On July 8, 2008, Plaintiff responded to the motion to dismiss. (D.E. 15.)

When considering a motion to dismiss, the Court must "treat all of the well-pleaded allegations of the complaint as true." Miree v. DeKalb County, 433 U.S. 25, 27 n.1 (1977). See also Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). The Court must construe all the allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). It must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The traditional standard for assessing a Rule 12(b)(6) motion is as follows:

> "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." [Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2002). We must "construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true." Trzebuckowski v. City of Cleveland, 319 F.3d 853, 855 (6th Cir. 2003) (reviewing dismissal under Federal Rule of Civil Procedure 12(b)(6)). Further, we hold pleadings filed by a pro se litigant "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 . . . (1972), and may not uphold the dismissal of such a pleading "simply because [we] find[] the plaintiff's allegations unlikely." Denton v. Hernandez, 504 U.S. 25, 33 . . . (1992).

Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (alterations in original); see also League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) ("The court must construe the complaint in the light most favorable to plaintiffs, accept all well-

pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief."). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." League of United Latin Am. Citizens, 500 F.3d at 527.

Shortly after the Sixth Circuit's decision in Thomas, the Supreme Court issued two opinions that appear to reach different conclusions about the amount of factual detail required in a complaint. In Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007), an antitrust case, the Supreme Court addressed the pleading standard for assessing a claim under § 1 of the Sherman Act:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . , a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . , on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 1964-65 (citations and footnote omitted); see also id. at 1965 n.3 ("While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in detail the facts upon which he bases his claim' . . ., Rule 8(a)(2) still

requires a 'showing,' rather than a blanket assertion, of entitlement to relief.") (emphasis omitted).[1]

Two weeks later, in Erickson v. Pardus, 127 S. Ct. 2197 (2007) (per curiam), the Supreme Court vacated the dismissal of a lawsuit brought by a prisoner who alleged that he had received inadequate medical treatment. The Supreme Court emphasized the liberal pleading standard of Fed. R. Civ. P. 8(a)(2), id. at 2200, and the Plaintiff's pro se status, id.

The Sixth Circuit has stated that "[w]e read the Twombly and Erickson decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim." Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295-96 (6th Cir. 2008). In a footnote, the Sixth Circuit explained:

> We have previously "noted some uncertainty concerning the scope of" Twombly. Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 337 n.4 (6th Cir. 2007). In particular, we have taken note of the Second Circuit's interpretation of Twombly as enacting a "plausibility standard [which] did not significantly alter notice pleading or impose heightened requirements for all federal claims[, and] [i]nstead, . . . require[d] more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." Weisbarth v. Geauga Park Dist., 499 F.3d 538, 542 (6th Cir. 2007) (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)).

Id. at 296 n.1 (alterations in original); see also United States v. Ford Motor Co., 532 F.3d 496, 503 n.6 (6th Cir. 2008) ("In Erickson v. Pardus . . . , the Supreme Court clarified Twombly by holding that

---

[1] The Supreme Court disavowed the "no set of facts" language from Conley v. Gibson that the Sixth Circuit cited with approval in Thomas. See 127 S. Ct. at 1968-69.

6

a prisoner bringing a § 1983 claim against his captor is not required to state '[s]pecific facts' in their [sic] complaint . . . , and Twombly itself suggests that its holding may be limited to cases likely to produce 'sprawling, costly, and hugely time-consuming' litigation.") (citation omitted). Further, Rule 8(a) does not require a plaintiff to plead his employment discrimination claims with particularity, Swierkiewicz v. Sorema, S.A., 534 U.S. 506 (2002), although the factual allegations in the complaint must be sufficiently clear to permit the Court and the defendants to ascertain the nature of the claims that are asserted.

I. Race Discrimination

Cargill asserts that Plaintiff's claim of race discrimination should be dismissed for failure to allege a prima facie case of race discrimination. (D.E. 14-2 at 11.) Particularly, Cargill contends that Plaintiff has not alleged an adverse employment action because he has not alleged a **change** in the terms and conditions of his employment. (Id. at 4-5.)

Plaintiff attached and incorporated his Equal Employment Opportunity Commission ("EEOC") charge alleging race discrimination against Cargill to his amended complaint. In support of his race discrimination claim, Plaintiff alleged:

> In September 2006, an inspection was conducted. During the inspection asbestos was discovered throughout the common work areas. The Blacks and other minority employees were unaware of the presence of asbestos as they were routinely assigned to the contaminated areas. Management never informed the employees assigned to the contaminated work areas of the presence of asbestos.
>
> Respondent and its Board members knowingly and willfully placed their employees in a hazardous work environment filled with asbestos which is also life threatening. The

7

> company knowingly and willfully hires Blacks to work locations and perform work duties in the asbestos filled areas. No White workers have been placed in the hazardous areas where the asbestos has been disturbed.

(D.E. 9 at 8.)

Cargill fails to note one important difference between the instant case and Tepper v. Potter, 505 F.3d 508 (6th Cir. 2007), and Wills v. Pennyrile Rural Elec. Coop. Corp., 259 F. App'x 780 (6th Cir. 2008), the cases on which it relies. Both Tepper and Wills were decided at the summary judgment stage. Cargill's assertion that Plaintiff has not established a prima facie case ignores the United States Supreme Court's ruling in Swierkiewicz.

> This Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss. For instance, we have rejected the argument that a Title VII complaint requires greater "particularity," because this would "too narrowly constric[t] the role of the pleadings."

534 U.S. at 511. Swierkiewicz establishes that "an employment discrimination plaintiff is not required to plead a prima facie case of discrimination because the *McDonnell Douglas* framework is an evidentiary standard, not a pleading standard". Jackson v. Crosset Co., 33 F. App'x 761, 762 (6th Cir. 2002); Swierkiewicz, 534 U.S. at 510. A plaintiff need only plead a short and plain statement of the claim showing that he is entitled to relief. 33 F. App'x at 762.

Under Title VII, it is "an unlawful employment practice ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Plaintiff has clearly alleged that he and other

8

black employees were discriminated against by being assigned to work in an area where they were exposed to asbestos and that no white employees were assigned to that area. Therefore, considering the facts taken in the light most favorable to Plaintiff, Plaintiff has met his pleading requirement for his race discrimination claim.

Cargill also contends that Plaintiff's race discrimination claim is barred by the applicable statute of limitations because Plaintiff's original assignment to the grain room was in 1999. (D.E. 14-2 at 5.) Plaintiff Mickens alleges that he was "made aware of the asbestos issue sometime in October 2006. (D.E. 9 at 2.)

A plaintiff's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful. Amini v. Oberlin College, 259 F.3d 493, 499-500 (6th Cir. 2001), citing Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 267 (7th Cir. 1995)[2]. Though it is unclear what the exact date is when Plaintiff learned that he may have been exposed to asbestos, he has alleged facts that tend to state that, applying a discovery rule, his EEOC complaint was timely. There was a determination that there was asbestos in the area where Plaintiff worked based on an inspection in September 2006. (Id.) A safety meeting was held regarding asbestos on January 12, 2007. (D.E. 9 at 3.) Plaintiff's EEOC complaint was filed on January 27, 2007, within less than 300 days of discovery of exposure to asbestos. (D.E. 9 at 8.) Plaintiff has made a sufficient showing

---

[2] The United States Supreme Court has "previously declined to address whether Title VII suits are amenable to a discovery rule." Vaughn v. Louisville Water Co., 2008 WL 4997487, *5 (6th Cir. Nov. 24, 2008), quoting Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618, 127 S. Ct. 2162, 2177 n. 10 (2007).

9

that the race discrimination claim should not be dismissed. Leadbetter v. Gilley, 385 F.3d 683, 691 ( 6th Cir. 2004).

II. Retaliation Claim - Exhaustion of Administrative Remedies

Plaintiff does not allege that he filed any charge of discrimination alleging retaliation with either the EEOC or the Tennessee Human Rights Commission ("THRC"). The allegations of Plaintiff's amended complaint refer to a single charge of discrimination. The single charge attached as an exhibit to the amended complaint demonstrates that Plaintiff raised and exhausted a single claim of race discrimination in the administrative proceedings. (D.E. 9 at 8.) Plaintiff has twice been provided an opportunity to amend his complaint to provide additional allegations, dates, and fact, as well as attached supporting exhibits.

Exhaustion of administrative remedies is a prerequisite to the filing of an employment discrimination case. See generally Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); Parsons v. Yellow Freight Systems, Inc., 741 F.2d 871 (6th Cir. 1984). To exhaust administrative remedies, the employee must file a charge of discrimination with either the EEOC or the THRC. Therefore, taking the facts as alleged in the amended complaint and response to the motion to dismiss in the light most favorable to Plaintiff, the claim of retaliation is unexhausted and cannot survive Defendant's motion to dismiss. Defendant's motion to dismiss Plaintiff's claim of retaliation is GRANTED.[3]

---

[3] Any claim of retaliation under the Tennessee Occupational Safety and Health Act ("TOSHA") is barred because TOSHA does not recognize a private right of action.

For the foregoing reasons, Defendant's motion to dismiss (D.E. 14) is GRANTED in PART and DENIED in PART.  Defendant's motion is GRANTED to the extent that it seeks dismissal of Plaintiff's claim for retaliation.  Defendant's motion is DENIED to the extent that it seeks dismissal of Plaintiff's claim for race discrimination.

IT IS SO ORDERED this 26th day of March, 2009.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

Tenn. Code Ann. §§ 50-3-106, 50-3-409(a).